IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 33 |
| v. ) | |
| ) | Honorable Samuel Der-Yeghiayan |
| NICHOLAS ALEXANDER ) | |

## PLEA DECLARATION

The Defendant, NICHOLAS ALEXANDER, after extensive consultation with his attorney, ROSE J. LINDSAY, acknowledges and states the following:

### The Charges

1. Mr. Alexander has been charged in a four-count indictment with bank robbery (Counts One, Three, and Four) and attempted bank robbery (Count Two), in violation of 18 U.S.C. § 2113(a).

2. Mr. Alexander has read the charges against him contained in the indictment and they have been fully explained to him by his attorney.

3. Mr. Alexander fully understands the nature and elements of the offenses with which he has been charged. Specifically, Mr. Alexander understands that the statutory elements of bank robbery, to which he is pleading guilty with respect to Counts One, Three, and Four, are as follows:

   (a) Mr. Alexander took from the presence or person of another money belonging to or in the care, custody, control, management, or possession of banks indicated in Counts One, Three, and Four of the indictment;

   (b) Mr. Alexander acted to take such money from the banks in Counts One, Three,

and Four of the indictment by intimidation, which Mr. Alexander understands to mean that he said or did something in such a way as would place a reasonable person in fear; and

(c)   At the time charged in the indictment, the banks in Counts One, Three, and Four had their deposits insured by the Federal Deposit Insurance Corporation.

Mr. Alexander also understands that the statutory elements of attempted bank robbery, to which he is pleading guilty with respect to Count Two, are as follows:

(a)   Mr. Alexander acted with specific intent to commit the underlying offense of bank robbery, namely, that he intended to rob the bank named in Count Two of the indictment, and

(b)   Mr. Alexander knowingly took a substantial step toward the commission of the offense of bank robbery as set forth in Count Two.

### Factual Basis

4.   Mr. Alexander will enter a voluntary plea of guilty to Counts One through Four of the indictment.

5.   Mr. Alexander will plead guilty because he is in fact guilty of the charges contained in the indictment. In pleading guilty, he acknowledges the following:

With respect to Count One, on July 20, 2007, at Glen Ellyn, in the Northern District of Illinois, Eastern Division, he did, by intimidation, take from the person and presence of a bank employee approximately $3,566 in United States currency belonging to and in the care, custody, control, management, and possession of LaSalle Bank, located at 600 West Roosevelt Road, Glen Ellyn, Illinois, the deposits of which were then insured

2

by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

Specifically, on July 20, 2007, Mr. Alexander entered LaSalle Bank located at 600 West Roosevelt Road in Glen Ellyn, Illinois. He asked the teller for all the money from the drawer. The teller complied and handed Mr. Alexander stacks of bills totaling approximately $3,566. Mr. Alexander took the money and left the bank.

With respect to Count Two, on August 3, 2007, at Oakbrook Terrace, in the Northern District of Illinois, Eastern Division, he did, by intimidation, attempt to take from the person and presence of a bank employee money belonging to and in the care, custody, control, management, and possession of Northern Trust Bank, located at One Oakbrook Terrace, Oakbrook Terrace, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

Specifically, on August 3, 2007, Mr. Alexander entered Northern Trust Bank located at One Oakbrook Terrace in Oakbrook Terrace, Illinois. Mr. Alexander approached a teller and asked the teller to give him all the money from the drawer. When the teller could not open the drawer, Mr. Alexander asked again for the money and attempted to open the drawer himself, but could not open it. Mr. Alexander then left the bank.

With respect to Count Three, on August 3, 2007, at Wheaton, in the Northern District of Illinois, Eastern Division, he did, by intimidation, take from the person and presence of a bank employee approximately $3,683 in United States currency belonging to and in the care, custody, control, management, and possession of Fifth Third Bank, located at 1768 South Blanchard Street, Wheaton, Illinois, the deposits of which were

then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

Specifically, on August 3, 2007, Mr. Alexander entered Fifth Third Bank located at 1768 South Blanchard Street in Wheaton, Illinois. Mr. Alexander approached a teller and asked for all the money in the teller's drawer. The teller complied and handed Mr. Alexander approximately $3,683. Mr. Alexander then left the bank.

With respect to Count Four, on or about August 20, 2007, at Elmhurst, in the Northern District of Illinois, Eastern Division, he did, by intimidation, take from the person and presence of a bank employee approximately $2,940 in United States currency belonging to and in the care, custody, control, management, and possession of First Bank, located at 299 North York Road, Elmhurst, Illinois, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 2113(a).

Specifically, on August 17, 2007, Mr. Alexander entered First Bank located at 299 North York Road in Elmhurst, Illinois. Mr. Alexander approached a teller and asked for all the money. The teller complied and handed Mr. Alexander approximately $2,940. Mr. Alexander then left the bank.

### Maximum Potential Penalties

6. Mr. Alexander understands that the counts to which he will plead guilty each carry a maximum penalty of twenty years' imprisonment, a maximum fine of $250,000, and a term of supervised release of at least two but no more than three years. Mr. Alexander understands that his total potential punishment could thus be up to 80 years'

imprisonment, a $1,000,000 fine, and a term of supervised release of at least two but not more than three years.

7. Mr. Alexander understands that full restitution is mandatory, pursuant to 18 U.S.C. § 3663A, and must be ordered in this case, minus any amounts that Mr. Alexander may repay prior to sentencing. It is Mr. Alexander's understanding at the time of signing this Plea Declaration that the restitution amount likely to be ordered is $10,189.

8. Mr. Alexander understands that pursuant to 18 U.S.C. § 3013, upon entry of judgment of conviction, he will be assessed $400 for the four counts to which he pleads guilty, in addition to any other penalties imposed.

## The Advisory Guidelines

9. Mr. Alexander understands that the sentencing guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994 are merely advisory, not mandatory, in accordance with United States v. Booker, 543 U.S. 220 (2005). Mr. Alexander understands that the Court must, however, consider the guidelines in determining an appropriate sentence.

10. For purposes of calculating the advisory sentencing range under the current November 1, 2007, guidelines manual, Mr. Alexander understands that the following guidelines may apply:

**Count One:**

(a) Pursuant to Guideline § 2B3.1(a), the base offense level is 20.

(b) Pursuant to Guideline § 2B3.1(b)(1), the offense level is increased by two levels because the property of a financial institution was taken.

5

(c)      Mr. Alexander understands that it is the government's position that a threat of death was made, which, if established, would result in an additional two-level enhancement pursuant to Guideline § 2B3.1(b)(2). Mr. Alexander reserves the right to dispute the government's position at the time of sentencing.

**Count Two:**

(a)      Pursuant to Guideline § 2B3.1(a), the base offense level is 20.

(b)      Pursuant to Guideline § 2B3.1(b)(1), the offense level is increased by two levels because the property of a financial institution was taken.

**Count Three:**

(a)      Pursuant to Guideline § 2B3.1(a), the base offense level is 20.

(b)      Pursuant to Guideline § 2B3.1(b)(1), the offense level is increased by two levels because the property of a financial institution was taken.

(c)      Mr. Alexander understands that it is the government's position that a threat of death was made, which, if established, would result in an additional two-level enhancement pursuant to Guideline § 2B3.1(b)(2). Mr. Alexander reserves the right to dispute the government's position at the time of sentencing.

**Count Four:**

(a)      Pursuant to Guideline § 2B3.1(a), the base offense level is 20.

(b)      Pursuant to Guideline § 2B3.1(b)(1), the offense level is increased by two levels because the property of a financial institution was taken.

(c)      Mr. Alexander understands that it is the government's position that a threat of death was made, which, if established, would result in an additional two-level

enhancement pursuant to Guideline § 2B3.1(b)(2). Mr. Alexander reserves the right to dispute the government's position at the time of sentencing.

**Grouping:**

Pursuant to Guideline § 3D1.2, the offenses are not grouped together and each offense represents a distinct group. Mr. Alexander understands that Counts One, Three, and Four could result in an offense level of 24 if it is established that a threat of death was made. If each offense is assigned one unit pursuant to Guideline § 3D1.4(a), resulting in a total of four units, the offense with the highest offense level would be increased by four levels. Accordingly, Mr. Alexander understands that his offense level could be 28.

**Acceptance of Responsibility:**

Mr. Alexander admits his guilt, is remorseful for his crime, and accepts full responsibility for his conduct. In addition, Mr. Alexander has timely notified the government of his intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government to allocate its resources efficiently. Accordingly, he understands that a three-level reduction for acceptance of responsibility under Guideline § 3E1.1 should apply.

**Criminal History Category:**

As of the time of Mr. Alexander's plea, it is his understanding that he has approximately four criminal history points, which would place him in criminal history category III.

**Anticipated Advisory Guidelines Range:**

Mr. Alexander understands that if his total offense level is 25 and he falls in criminal history category III, his resulting advisory guidelines range would be 70–87 months'

imprisonment in Zone D of the sentencing table.

**Other Guidelines Considerations:**

Mr. Alexander understands that this calculation of the advisory guidelines range is preliminary in nature, and is thus a nonbinding estimation of how the guidelines may apply to his case at the time of sentencing. Mr. Alexander understands that the United States Probation Office will conduct its own investigation but that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guidelines calculations.

Mr. Alexander understands that errors in calculation or interpretation of any guidelines and/or laws applicable to his case may be corrected or amended prior to sentencing. Mr. Alexander understands that he may seek to correct these errors or misinterpretations by a statement to the probation office and/or the Court setting forth the disagreement as to the correct guidelines and/or laws and their applications.

Mr. Alexander reserves the right to request a downward departure or variance from the applicable guidelines range on any grounds he deems appropriate. Mr. Alexander understands that any decision to impose a sentence outside the advisory guidelines range established at the time of sentencing lies solely within the discretion of the Court.

**Trial Rights and Appellate Rights**

11. Mr. Alexander understands that by pleading guilty, he surrenders certain rights, including the following:

   (a) If Defendant persisted in a plea of not guilty to the charge against him, he would

have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, and that it could not convict him unless, after hearing the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not he was persuaded of Defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Defendant. He would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and, therefore, need not prove his innocence. If the

    witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

  (e) At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

12. Mr. Alexander understands that by pleading guilty, he is waiving all the rights set forth in the prior paragraph. By pleading guilty, Mr. Alexander admits his guilt and agrees that he should be found guilty. Mr. Alexander's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Alexander further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of his plea of guilty or the sentence imposed.

## Limitations and Consequences of this Plea Declaration

13. Mr. Alexander understands that the United States Attorney's Office will fully apprise the Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding the charge against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Alexander further understands that he will be able to present evidence in mitigation at the time of sentencing pursuant to 18 U.S.C. § 3553(a).

14. Mr. Alexander understands that the sentencing guidelines are no longer mandatory, and that the Court's decision as to what sentence constitutes a sentence that is "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within the applicable advisory guidelines range or outside

it, whether higher or lower than that range. Mr. Alexander understands that the applicable guidelines range is one of several factors the Court is required to take into consideration under 18 U.S.C. § 3553(a) in determining an appropriate sentence.

15. Mr. Alexander understands that at the time of sentencing, he and the government will be free to make their respective sentencing recommendations to the Court as they deem appropriate, based on the sentencing factors set forth in 18 U.S.C. § 3553(a).

16. Should the Court refuse to accept Mr. Alexander's plea of guilty, this Plea Declaration shall become null and void and Mr. Alexander will not be bound hereto. It is Mr. Alexander's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in future court proceedings pursuant to Federal Rules of Criminal Procedure 11(e)(6)(A), (C), and (D) and Federal Rule of Evidence 410.

17. Mr. Alexander agrees that this Plea Declaration shall be filed and become part of the record of this case.

18. Mr. Alexander and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce Mr. Alexander to plead guilty. Mr. Alexander further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 3rd day of June, 2008

_____
Nicholas Alexander, Defendant

FEDERAL DEFENDER PROGRAM
Terence F. MacCarthy
Executive Director

By: _____
Rose J. Lindsay
Attorney for Nicholas Alexander

FEDERAL DEFENDER PROGRAM
55 East Monroe St., Ste. 2800
Chicago, IL 60603
(312) 621-8341