IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 08 CR 33 |
| v. | ) | |
| | ) | Honorable Samuel Der-Yeghiayan |
| NICHOLAS ALEXANDER | ) | |

## NOTICE OF FILING

TO:    Sheri Mecklenburg          Kathy Kiriklakis
        Assistant U.S. Attorney      United States Probation Officer
        219 S. Dearborn St., 5th Floor  55 E. Monroe St., 15th Floor
        Chicago, IL 60604           Chicago, IL 60603

     Please take notice that on this 15th day of October 2008, the undersigned filed the following document in the above-captioned case, a copy of which is attached hereto:

**SENTENCING POSITION PAPER**

                                  s/ Rose J. Lindsay
                                  FEDERAL DEFENDER PROGRAM
                                  55 East Monroe St., Suite 2800
                                  Chicago, IL 60603
                                  (312) 621-8341

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 33 |
| v. ) | |
| ) | Honorable Samuel Der-Yeghiayan |
| NICHOLAS ALEXANDER ) | |

**SENTENCING POSITION PAPER**

Defendant NICHOLAS ALEXANDER, by the Federal Defender Program and its attorney, ROSE J. LINDSAY, respectfully requests, pursuant to 18 U.S.C. § 3553(a) and Gall v. United States, 128 S. Ct. 586 (2007), that this Honorable Court impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing under 18 U.S.C. § 3553(a), and in particular, the need for the sentence imposed to provide needed treatment in the most effective manner.

**I.      Sentencing Standard**

The Supreme Court recently reiterated in Gall that "the Guidelines are not mandatory, and thus the range of choice dictated by the facts of the case is significantly broadened." Gall, 128 S. Ct. at 602. Gall requires that in addition to considering the guidelines, the district judge should

> consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented.

Gall, 128 S. Ct. at 596–97; see also United States v. Miranda, 505 F.3d 785, 791 (7th Cir. 2007) ("Although the guidelines are treated as advisory after Booker, the application of section 3553(a) is mandatory.").

The Supreme Court requires judges "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing" in section 3553(a). Rita v. United States, 127 S. Ct. 2456, 2463 (2007). Section 3553(a)(1) gives courts "a broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" Gall, 128 S. Ct. at 596 n.6. The Court must consider "those factors that are unique to an individual defendant . . . that are not taken into account when calculating the guideline range." United States v. Schmitt, 495 F.3d 860, 865 (7th Cir. 2007).

District court judges have broad discretion to sentence below the advisory guidelines range. See, e.g., United States v. Wachowiak, 496 F.3d 744, 751 (7th Cir. 2007) ("We will not substitute our judgment for that of the sentencing court . . . . As with other discretionary decisions, the district court is institutionally better situated to make individualized sentencing judgments than an appellate panel."). A court may issue a below-guidelines sentence even in the absence of extraordinary circumstances. Gall, 128 S. Ct. at 595. A district court's "freedom to impose a reasonable sentence outside the range is unfettered," United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2007), and the Seventh Circuit will scrutinize a district court's refusal to grant a reduction below that range, United States v. Vaughn, 433 F.3d 917, 924 (7th Cir. 2006). A below-guidelines sentence is appropriate as long as the reasons are "rooted in § 3553(a), sufficiently individualized to the circumstances of [the] case, and generally associated with sentencing leniency." Wachowiak, 496 F.3d at 745.

II. **Mr. Alexander's Sentencing Request**

But for a very serious drug addiction, Nicholas Alexander would not be here. He had what could be characterized as a very healthy upbringing, with a strong family and many

opportunities to succeed. But a choice he made many years ago to smoke his first joint set him on a path of personal destruction. His decision may have seemed insignificant at the time. He may have been exposed, as teenagers often are, to people who used drugs on occasion but were able to avoid the throes of addiction and lead normal lives. He may have believed before making that one small decision that he would not react to drugs that way. His choice would certainly have been different had he known that it would lead him to be numbered among those who develop such a fierce desire for the influence of drugs that they resort to very uncharacteristic conduct to satisfy their cravings. And his choice would certainly have been different had he known that it would eventually bring him here.

But Nick now stands before the Court. And two reasons for Nick's return are apparent: (1) ineffective attempts at treatment in the past, and (2) an inevitable relapse as a result of those failed attempts. The sentence Nick received for his prior bank robbery can be added to the list of failed attempts to get Nick the right treatment in the most effective manner.

The prison system provides a treatment program. But the dynamic among inmates within the prison system discourages people like Nick from participating. Inmates who do not qualify for early release for participating (due to the nature of their convictions) are discouraged from taking a spot in the drug treatment program if it means taking the place of another who can qualify for early release. Being exposed to how the inmates discourage such participation was enough to keep Nick away from the program. The result was that he served a sentence that, in the end, satisfied *some* sentencing objectives, but all that time he spent behind bars did *nothing* to cut to the core of the problem. Having gone untreated, Nick's problem inevitably resurfaced, and here he is again.

3

*There is nothing clearer in this case than the fact that Nick, if treated properly in the past, would not have reoffended, and if treated properly now, will not reoffend in the future.* Therefore, he implores this Court to fashion a sentence this time around that will satisfy *all*, not just some, of the sentencing aims under section 3553(a): incapacitation (see section 3553(a)(2)(A)), retribution (see section 3553(a)(2)(A)), deterrence (both general and specific) (see section 3553(a)(2)(B) & (C)), *and*, of utmost importance here, *rehabilitation* (see section 3553(a)(2)(D)).

Nick's sentence in this case will be sufficient, but not greater than necessary, as section 3553(a) mandates, if it does not give undue weight to one sentencing objective, such as retribution, while neglecting another objective, such as rehabilitation. But the advisory sentencing guidelines suggest such a result. The guidelines takes into account Nick's criminal history (category III) and the nature and circumstances of the offense (total offense level of 25). These considerations speak to the need to incapacitate, deter, and provide Nick his "just desserts" for the crimes he has committed. But the advisory guidelines range in this case (70–87 months' imprisonment) does *not* take into account the driving force behind Nick's conduct in the first place (a serious drug addiction). It also does *not* take into account the fact that intensive treatment—as soon as possible, and in the most effective manner—will necessarily influence how much punishment is really appropriate to incapacitate Nick, deter him from future crimes, and satisfy the other sentencing aims. Certainly Nick's sentence should take the need for treatment into account when such treatment will cut to the heart of why Nick entered those banks in the first place.

Because effective treatment will directly lead to satisfaction of other sentencing aims,

4

providing Nick the quickest access to effective treatment should be the focus of this Court's sentencing. Accordingly, Nick asks the Court to fashion a sentence with an emphasis on rehabilitation: a sentence that will allow him access to necessary treatment *as soon as possible,* after, of course, serving a sufficient, *but not greater than necessary*, prison term to satisfy the other sentencing objectives under section 3553(a).

      Specifically, Nick requests that this Court impose a period of incarceration sufficient to both punish Nick for the crimes he has committed *and* place him in a position for optimal rehabilitation as soon as possible. Because the prison system will not help Nick with effective rehabilitation, he requests a period of supervised release with a specific condition that Nick participate in the Gateway alcohol and drug rehabilitation program. Consistent with Dr. Fogel's recommendation for the treatment Nick needs, the Gateway program provides intensive inpatient treatment (with high success rates for many Federal Defender Program clients). Gateway then follows its inpatient treatment with a transition to intensive outpatient treatment, with ongoing monitoring and support for optimum results. An additional outpatient program is also available for patients who may need even more structure and support. Such a program will place Nick in the best possible position to overcome his habit once he returns to the community. If Nick is treated in the most effective manner, and sooner rather than later, this Court can be assured that it will not see Nick again.

WHEREFORE, Defendant Nicholas Alexander respectfully requests that this Honorable Court impose a sentence that is sufficient but not greater than necessary to satisfy the sentencing objectives under section 3553(a), namely, a sentence with an emphasis on the need for the intensive treatment that will assure his rehabilitation.

    Respectfully submitted,

    FEDERAL DEFENDER PROGRAM
    Terence F. MacCarthy
    Executive Director

By:    <u>s/ Rose J. Lindsay</u>
    FEDERAL DEFENDER PROGRAM
    55 E. Monroe St., Suite 2800
    Chicago, Illinois 60603
    (312) 621-8341

# CERTIFICATE OF SERVICE

The undersigned, Rose J. Lindsay, an attorney with the Federal Defender Program, hereby certifies that the following document:

**SENTENCING POSITION PAPER**

was served on October 15, 2008, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

By: s/ Rose J. Lindsay
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Ste. 2800
Chicago, IL 60603
(312) 621-8341