UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NICHOLAS ALEXANDER, | ) | |
| | ) | No. 08 CR 33 |
| Defendant, | ) | |
| | ) | Judge Der-Yeghiayan |
| and | ) | |
| | ) | |
| LAKESHORE ATHLETIC SERVICES, | ) | |
| | ) | |
| Third Party Citation Respondent. | ) | |

## AGREED MOTION FOR TURNOVER ORDER

The United States, by Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves this court for a turnover order, and in support thereof states as follows:

1. Judgment in the captioned matter was entered in favor of the United States and against the defendant on October 16, 2008. As of April 26, 2016, the defendant has an outstanding balance of $1,069.98 on 00 CR 873-1 and $9,979 on 08 CR 33.

2. A citation to discover assets directed to the respondent, Lakeshore Athletic Services, was issued on the judgment on January 12, 2016. Statutory notice was given to the defendant on January 22, 2016.

3. Pursuant to the citation to discover assets, the respondent answered on January 28, 2016. A copy of the answer is attached as Exhibit A. The defendant was served with a copy of the answer by the respondent, as reflected in paragraph 9 of the answer. In its answer, the respondent stated that at the time the citation was served, the respondent had in its possession or under its control wages belonging to the defendant, Nicholas Alexander.

4. The defendant objected to the statutory rate of withholding of 25% of the

defendant's net wages.  After further review, the United States and the defendant agreed to a lower garnishment rate of 10%, and that any funds previously withheld by the respondent in excess of the agreed 10% should be refunded to the defendant.  The parties further agree that the rate of the wage withholding may be re-evaluated annually.

     5.     The Clerk of the Court collects all payments on monetary penalties imposed in criminal cases; accordingly, all payments should have 08 CR 33 written in the lower left corner of the check and be submitted to:

> Clerk of the Court for the Northern District of Illinois
> 219 South Dearborn Street, 20th Floor
> Chicago, Illinois 60604

     6.     The United States has provided all notices required by law.

WHEREFORE, the United States moves for entry of an agreed turnover order directing the respondent, Lakeshore Athletic Services, to submit to the Clerk of the Court 10% of the defendant's net wages for each pay period since the citation was served, and continuing each pay period until the debt is paid in full or until the respondent no longer has custody, possession or control of any wages belonging to the defendant, or until further order of this Court; and to refund to the defendant any amount withheld in excess of the agreed 10% of the defendant's net wages.

> Respectfully submitted,
>
> ZACHARY T. FARDON
> United States Attorney
>
> By: s/ Scott D. Heffron
>     SCOTT D. HEFFRON
>     JOSEPH A. STEWART
>     Assistant United States Attorneys
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 886-4190
>     scott.heffron@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| vs. ) | |
| ) | No. 08 CR 33 |
| Nicholas J. Alexander, ) | |
| Defendant, ) | Judge: Samuel Der-Yeghiayan |
| and ) | |
| Lakeshore Athletic Services, ) | |
| Third-Party Citation Respondent. ) | |

## ANSWER OF THIRD-PARTY CITATION RESPONDENT

I, _NORA WALSH_, the _HR Administrator_ of Respondent, _Lakeshore Athletic Services_,
   (name)                        (title)
state under penalty of perjury as follows:

Respondent is a _Sub Chapter S Corp_ organized under the laws of the State of _Illinois_.
                  (sole proprietorship, partnership, corporation, government agency)

On _1-20-2016_, Respondent was served with the Third Party Citation to Discover Assets. With respect to Defendant, Nicholas J. Alexander, on the day Respondent was served with the Citation, Respondent had in its possession or control the following property of Defendant:

1. Respondent _EMPLOYS_ Defendant.
       (Employs - Employed - Never Employed)

If no longer employed, the last day of employment was: _____.
State defendant's current employer, if known: _____.

2. Defendant's pay period is: ___weekly, _X_ bi-weekly, ___semi-monthly, ___monthly.

Enter date present pay period began _1/11/2016_ and date it ends _1/24/2016_.
(Present means the pay period in which the Citation was served).

3. Calculate wages subject to garnishment:
   (A) Gross wages (minus mandatory contributions to pension/retirement plans)   (A)$ _1808.00_
   (B) Enter Total FICA, State and Federal Tax, and Medicare   (B)$ _371.11_
   (C) Disposable Earnings (Net): Subtract Line (B) from Line (A)   (C)$ _1436.89_
   (D) Enter Twenty Five Percent (25%) of Line (C)   (D)$ _360.00_
   (E) Enter Ten Percent (10%) of Line (C)   (E)$ _143.68_


GOVERNMENT EXHIBIT A

(F) % of Gross (Divide Line E by Line A)     (F)$ _12.67_

(G) Current Federal minimum wage per pay period ($7.25 per hour).

    Using the applicable pay period, enter the appropriate amount:

    (G)$ _435.00_

    If Defendant is paid every week or less, enter 30 times the minimum wage or $ 217.50
    If Defendant is paid every two weeks, enter 60 times the minimum wage or $435.00
    If Defendant is paid semi-monthly, enter 65 times minimum wage or $487.50
    If Defendant is paid monthly, enter 130 time minimum wage or $942.50

(H) Subtract Line G from Line C     (H)$ _1001.89_

(I) Enter Line D or Line H, whichever is smaller     (I)$ _360.00_

    (If the smaller amount is zero or less, do not withhold any wages this pay period).

(J) Enter child support or other court ordered deduction     (J)$ _____

(K) Subtract Line J from Line I.     (K)$ _360.00_

**LINE K IS THE AMOUNT TO BE WITHHELD FROM EMPLOYEE'S PAYCHECK FROM THE DATE OF SERVICE OF THE CITATION AND NOT DISBURSED UNTIL FURTHER ORDER OF COURT.**

4. Are there prior garnishments or other court-ordered withholdings which are presently in effect including, but not limited to, child support and alimony?

    Yes ____ No _X_

    If the answer is yes, describe below and attach a copy of the garnishment order.

    _____

5. Besides wages, does Respondent have custody, control or possession of any property now owed or to be paid in the future, in which Defendant has an interest, including but not limited to, a pension or 401(k), bonus, vacation pay, sick pay, or reimbursement of expenses?

    Yes ____ No _X_

    If yes, please describe below (continue on additional sheets if necessary):

    _____

6. If Defendant has or had a pension or 401(k), please state whether Defendant continues to be entitled to benefits (answer yes or no) and identify the name, address, telephone number and e-mail address of the third-party administrator or trustee.

    Yes ____ No _X_

    If yes, please describe below (continue on additional sheets if necessary):

    _____

7.  If you deny that you hold property subject to the judgment of the United States, check one of the following statements:

    ___ Respondent believes the following claim of exemption/election of exemption applies: _____

    ___ Respondent has the following objections, defenses, or set-offs to the United States' right to attached and garnish Respondent's indebtedness to Defendant: _____

    ___ On the date Respondent was served with the Citation, Respondent was not indebted or under liability to Defendant, and/or Respondent did not have in his/her/its possession or control any wages, income or other property belonging to Defendant, or in which Defendant has an interest and it not liable as a Respondent in this action.

8.  The original Answer must be delivered in person or sent by first-class mail to the United States Attorney's Office, 219 South Dearborn Street, 5th Floor, Chicago, Illinois 60604.

9.  Respondent mailed a copy of this Answer by first-class mail to:

    (A) Defendant, Nicholas J. Alexander, at _

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, 1 verify under penalty of perjury that the foregoing is true and correct.

Executed this __22__ of __January__, 20 _16_.
           Day      Month

_____
(Please sign name)

__NORA WALSH__
(Please print name)

__(847) 673-4100__
Telephone Number